IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**RASHAUN LADALE WILLIAMS**                                                              **PLAINTIFF**
Reg. # 22723-009

v.                              Case No. 4:23-cv-00632-KGB

**DOES,** *et al*.                                                                                        **DEFENDANTS**

## ORDER

Plaintiff Rashaun Ladale Williams, an inmate, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Dkt. No. 2). On September 3, 2024, the Court granted Mr. Williams's motion for leave to proceed *in forma pauperis* and began screening his claims pursuant to the Prison Litigation Reform Act and *in forma pauperis* statute (Dkt. No. 15). The Court advised Mr. Williams that his complaint failed to state a claim on which relief may be granted and gave him the opportunity to file an amended complaint to cure the pleading deficiencies (*Id.*). Mr. Williams has filed his amended complaint (Dkt. No. 16), and it is ripe for this Court's review.

    **I.**    **Background**

As explained in the Court's September 3, 2024, Order, Mr. Williams pleaded guilty in the United States District Court for the Eastern District of Arkansas to two counts of possession with intent to distribute cocaine hydrochloride and possession with intent to distribute fentanyl in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and (b)(1)(B). *See United States v. Williams*, Case No. 4:20-cr-00348-BRW (filed E.D. Ark. Dec. 1, 2020) (Dkt. No. 49). The Honorable Billy Roy Wilson sentenced Mr. Williams to 240 months of imprisonment in the BOP (*Id.* (Dkt. No. 58)). Mr. Williams's conviction and sentence were affirmed on appeal. *Williams v. United States*, 81 F.4th 835 (8th Cir. 2023).

Mr. Williams filed his complaint on a Federal Torts Claim Act form, arguing that his retained counsel acted unprofessionally during his representation and breached the attorney/client contract (Dkt. No. 1).  He sought return of his retainer and other damages (*Id.*).  Mr. Williams then filed a similar pleading making the same arguments against his other retained counsel (Dkt. No. 2).  Mr. Williams sought the return of his retainer in that pleading, as well (*Id.*).

Upon screening Mr. Williams's claims pursuant to the Prison Litigation Reform Act ("PLRA"), the Court found it apparent that Mr. Williams did not intend to bring a civil rights action under 42 U.S.C. § 1983 because he neither alleged a government actor nor stated a civil rights violation (Dkt. No. 15, at 5).  The Court surmised that Mr. Williams may have intended to bring an action under the Federal Torts Claim Act or a breach of contract action against his attorneys (*Id.*).  The Court explained to Mr. Williams why the allegations in his complaint failed to state a claim and gave him the opportunity to submit an amended pleading (*Id.*, at 5-8).  As explained below, the allegations in Mr. Williams's amended complaint also fail to state a claim on which relief may be granted.

**II.    Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that:  (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  *Id*. § 1915A(b).  The *in forma pauperis* statute also imposes these standards for dismissal.  28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. Mr. Williams's Amended Complaint

In his amended complaint, Mr. Williams sued John W. Hall, Greg Bryant, and Joan Does under 42 U.S.C. § 1993 (Dkt. No. 16). Mr. Williams identifies Mr. Hall and Mr. Bryant as his defense attorneys in his federal criminal case described above (*Id.*, at 2-3). He identifies the Joan Does as "defendants through discovery maybe added later into this case" (*Id.*, at 2).

Mr. Williams entered into an attorney-client contract with Mr. Hall pursuant to which Mr. Williams paid Mr. Hall a retainer in the amount of $12,500.00 (*Id.*, at 3). According to Mr. Williams, after Mr. Hall received the retainer he did nothing to defend Mr. Williams's criminal case (*Id.*). Mr. Williams asserts that Mr. Hall's lack of action constituted a breach of the terms of their contract (*Id.*).

Similarly, Mr. Williams entered into an attorney-client contract with Mr. Bryant, who received $15,000.00 as a retainer (*Id.*, at 4). Mr. Williams asserts that Mr. Bryant also did nothing to represent him after receiving the money and maintains that Mr. Bryant breached their attorney-client contract (*Id.*, at 4).

Additionally, Mr. Williams characterizes the alleged failings of Mr. Hall and Mr. Bryant as legal malpractice (*Id*., at 4-5). Mr. Williams also claims that their actions violated his Sixth Amendment right to effective counsel, which has caused him emotional distress (*Id*., at 4). Mr. Williams seeks declaratory judgment, compensatory damages in the amount of the retainers paid to Mr. Hall and Mr. Bryant, and punitive damages (*Id*., at 5).

IV.     Discussion

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing that a defendant deprived him of a federally-protected right while acting under color of state law. 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Mr. Williams named Doe defendants in his amended complaint but made no allegations of fact against them. Because bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983, Mr. Williams's claims against the Doe defendants will be dismissed. *Ashcroft*, 556 U.S. at 678.

Mr. Williams alleges that Mr. Hall and Mr. Bryant violated his Sixth Amendment right to effective counsel. "[T]he Sixth Amendment right to counsel exists 'in order to protect the fundamental right to a fair trial.'" *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993) (internal citations omitted). As such, "[a]bsent some effect of challenged conduct on the reliability of the

4

trial process, the Sixth Amendment guarantee is generally not implicated." *Id*. (internal citation omitted).  Mr. Williams says Mr. Hall and Mr. Bryant did nothing in his criminal case after each defendant received a retainer.  Mr. Williams maintains that Mr. Hall and Mr. Bryant were not effective, but Mr. Williams stopped short of explaining how defendants' alleged actions compromised the reliability of the trial process.  The only harm that Mr. Williams identified was the cash value of the lost retainers.  The harm Mr. Williams pled is consistent with a breach of contract claim.  Without factual allegations giving some indication of how Mr. Hall and Mr. Bryant's alleged omissions affected Mr. Williams's criminal proceedings, Mr. Williams's allegations in his amended complaint do not bring the Sixth Amendment into issue.

Even if Mr. Williams's allegations had implicated the Sixth Amendment, Mr. Williams could not obtain relief against Mr. Hall or Mr. Bryant in this § 1983 action.[1]  A § 1983 action can be maintained only against a "state actor" or a person acting under "the color of state law."  *See* 42 U.S.C. § 1983; *Scheeler v. City of St. Cloud, Minn.*, 402 F.3d 826, 830 (8th Cir. 2005).  Private attorneys, even attorneys such as Mr. Hall and Mr. Bryant who were retained to defend a criminal defendant, are not considered state actors or persons otherwise acting under the color of state law for § 1983 actions.  *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981); *Miller v. Compton*, 122 F.3d 1094 (8th Cir. 1997).

For a private actor like Mr. Hall or Mr. Bryant to be subject to liability under § 1983, he or she "must be a 'willful participant in joint activity with the State' in denying plaintiff's constitutional rights."  *Magee v. Trustees of Hamline University, Minn.*, 747 F.3d 532, 536 (8th

---

[1] Ineffective assistance claims are often brought in a petition for writ of *habeas corpus*. *See Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986) ("The essence of an ineffective-assistance claim is that counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect.").

Cir. 2014) (quoting *Dossett v. First Bank*, 399 F.3d 940, 947 (8th Cir. 2005)). "A plaintiff 'must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and state actor.'" *Pendleton v. St. Louis County*, 178 F.3d 1007, 1011 (8th Cir. 1999) (internal citation omitted). Mr. Williams has not alleged any facts indicating any such behavior on the part of Mr. Hall or Mr. Bryant. Even liberally construing Mr. Williams's amended complaint, Mr. Hall and Mr. Bryant cannot be held liable under § 1983.

While Mr. Williams's § 1983 claims against Mr. Hall and Mr. Bryant fail, Mr. Williams does allege state-law breach of contract and legal malpractice claims. This Court may decline to exercise supplemental jurisdiction over state law claims if no live federal claims remain in a case. 28 U.S.C. § 1367. "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point towards declining to exercise jurisdiction over the remaining state-law claims.'" *King v. City of Crestwood, Missouri*, 899 F.3d 643, 651 (8th Cir. 2018) (internal citation omitted). Having already determined that Mr. Williams's federal claims must be dismissed, the Court declines to retain jurisdiction over Mr. Williams's state-law claims.

### V.     Conclusion

It is therefore ordered that:

1. Mr. Williams's federal claims are dismissed without prejudice.

2. The Court declines to exercise jurisdiction over Mr. Williams's state law claims.

3. Mr. Williams's amended complaint is dismissed without prejudice (Dkt. No. 16).

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and the accompanying Judgment would not be taken in good faith.

So ordered this 27th day of January, 2026.

_____
Kristine G. Baker
Chief United States District Court Judge